UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ZULMA ANGELICA LARRAZABAL,**

    **Plaintiff,**

v.                                                              Case No: 8:23-cv-2081-VMC-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

**REPORT AND RECOMMENDATION**[1]

Plaintiff appeals the administrative decision denying her application for disability insurance benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I submit that the ALJ's decision should be affirmed.

**I.     BACKGROUND**

On May 18, 2021, Plaintiff filed an application for DIB benefits, alleging disability beginning December 31, 2012 through December 31, 2017, the date last insured. The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on December 5, 2022, where both the Plaintiff and an impartial vocational expert testified. On December 19, 2022, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 70-78). Plaintiff's request for review was denied

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

by the Appeals Council (Tr. 1), and Plaintiff initiated this action on September 14, 2023. (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: right shoulder rotator cuff tear, migraine headaches, and cervicalgia and lumbago with radiculopathy. (Tr. 73).

The ALJ found that the Plaintiff had the residual functional capacity to perform light work "except work that does not require more than frequent climbing, crawling, crouching, kneeling, balancing, stooping, and reaching in all directions with the right upper extremity; nor more than a concentrated exposure to wetness." (Tr. 75).

Based upon this RFC, and testimony from a vocational expert, the ALJ found that Plaintiff could perform past relevant work as a medical assistant and that this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 78). Accordingly, the ALJ determined that Plaintiff is not disabled.

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at

step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

**III. DISCUSSION**

On appeal, Plaintiff raises one argument—i.e., that the ALJ failed to properly evaluate Plaintiff's mental limitations. At step two of the evaluation process, the ALJ found that Plaintiff's mental impairments of major depressive disorder and generalized anxiety disorder did not cause "more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and were therefore non-severe." (Tr. 73, 74). In making that finding, the ALJ

considered the broad areas of mental functioning known as "paragraph B" criteria. (Tr. 73). The ALJ rated Plaintiff as having mild limitations in all four broad areas of function: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. (Tr. 73-74). Plaintiff does not dispute the ALJ's findings that her mental impairments were non-severe and that they caused only mild limitations. *See* Doc. 16 at 5 (citing the ALJ's step two findings and concluding "there is no question whatsoever but that Plaintiff had mild mental functional imitations in all four critical areas of mental functioning"); Doc. 18 at 2 (confirming that Plaintiff "agrees with the ALJ's finding of mild limitations"). Plaintiff, however, does contend that the ALJ erred in his RFC assessment by failing to include (or explain why he omitted) any of Plaintiff's mild mental limitations.

For the reasons discussed below, I find Plaintiff's argument unpersuasive. I submit that the ALJ properly considered Plaintiff's mental impairments and he articulated an adequate basis, supported by substantial evidence, for declining to assess mental functional limitations in the RFC.

As a starting point, the ALJ is "not require[d] to include mental limitations in the RFC finding merely because he identified mild mental limitations in the PRT criteria." *Faircloth v. Comm'r of Soc. Sec.*, No. 6:21-cv-782-EJK, 2022 WL 2901218, at *2 (M.D. Fla. July 22, 2022); *see also*, *Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979–80 (11th Cir. 2016) (per curiam) (concluding ALJ did not err in his decision to omit claimant's depression from the RFC because ALJ had taken this condition into account and, at an earlier step, "found that Williams had only 'mild' limitations based on this impairment."); *Sprague v. Colvin*, No. 8:13-cv-576-T-TGW, 2014 WL 2579629 at *3-6, (M.D. Fla. June 9, 2014) (concluding RFC was

supported by substantial evidence even though ALJ had found mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace in the PRT criteria because *inter alia* non-severe limitations are not expected to interfere with the ability to work).

Here, the ALJ found that Plaintiff's mental impairments were non-severe. (Tr. 73). Plaintiff has not challenged this finding. The Eleventh Circuit has explained that a non-severe impairment "has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914. 920 (11th Cir. 1984). "Consequently, in many, if not most cases, there will be no functional limitations from a non-severe impairment." *Sprague v. Colvin*, 2014 WL 2579629, at *6.

Then, in formulating Plaintiff's RFC, the ALJ considered all of Plaintiff's symptoms and impairments, including her non-severe mental impairments. The ALJ stated that he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." (Tr. 75); *see Medwit v. Comm'r of Soc. Sec.,* No. 2:20-cv-143-FtM-JLB-NPM, 2021 WL 1341390, at *4 (M.D. Fla. Feb. 22, 2021), report and recommendation adopted, No. 2:20-cv-143-FtM-JLB-NPM, 2021 WL 1138179 (M.D. Fla. Mar. 25, 2021) (concluding that the ALJ considered the claimant's mental limitations in the RFC assessment where the ALJ stated he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."). The ALJ specifically discussed Plaintiff's complaints of depression, anxiety, and panic attacks. (Tr. 77). He also considered the findings of State agency psychological consultants, Dr. Barry Morris and Dr. Jessy Sadovnik, both of whom found there was insufficient evidence to render a decision. (Tr. 56-

59, 61-65, 77). The ALJ stated that these assessments were "quite reasonable due to the sparseness of the evidence of record for the time period prior to the date last insured." (Tr. 77).[2] The ALJ also properly considered Plaintiff's reported wide range of activities; her ability to work as a medical assistant after her alleged onset date and date last insured (although not at SGA levels);[3] and her ability to attend college in person and online to pursue a nursing degree at Miami Dade College for Nursing. (Tr. 72, 76, 218-20, 235, 236, 237).[4]

Based on the foregoing, I submit that the ALJ offered an adequate explanation, supported by substantial evidence, for not including any functional limitations stemming from Plaintiff's non-severe mental impairments in his RFC assessment. Because the ALJ's hypothetical question to the VE included all the restrictions included in the RFC—and the VE testified that the hypothetical individual could perform Plaintiff's past relevant work as a medical assistant (as generally performed)—the VE's testimony provided substantial evidence to support that ALJ's conclusion that Plaintiff is not disabled.

Even if this Court were to disagree with the ALJ's resolution of the factual issues, and would resolve them differently, the ALJ's decision nevertheless must be affirmed where, as here, it is supported by substantial evidence in the record as a whole. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

---

[2] Plaintiff filed her DIB application on May 19, 2021, more than three years after her date last insured (December 31, 2017). According to the Commissioner, this precluded the agency from sending Plaintiff for testing during the relevant period. (Doc. 17 at 10). Plaintiff does not raise this issue in her papers, nor does she argue that the record should have been further developed.

[3] Plaintiff's application materials reflect that she continued to perform her past relevant work as a medical assistant as recently as February 2020—years after her alleged onset date of December 31, 2012, and her date last insured of December 31, 2017. (Tr. 235, 237).

[4] According to her application materials, Plaintiff completed two years at Miami Dade College in June 2018. (Tr. 236).

## IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE and ENTERED** in Ocala, Florida on May 20, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties